THE STATE EX REL. TROUTMAN v. COOPER ET AL.

1. In laying out a highway over lands of any one not an applicant therefor, the surveyors must *certify* their adjudication, as to the damages sustained by such land owner, together with their return ; and their omission to do so will be sufficient reason to set aside their proceedings.

2. In every case where a road is laid out over lands of a person who is not an applicant, surveyors must assess to him *some* damages, although they are of opinion that he sustains none. *Per* OGDEN, J.

On *certiorari* in matter of laying out a public road in the county of Monmouth.

The facts and reasons relied on for reversal distinctly appear in the opinion of Justice OGDEN.

Argued before NEVIUS and OGDEN, Justices.

*J. Parker*, for relator ; *W. L. Dayton*, for defendants.

NEVIUS, J. This is a writ to set aside the return of a road, laid out by the surveyors of highways in the county of Monmouth. The principal reason assigned is, that the surveyors made no assessment of damages for the lands of the prosecutor which were taken for the road, he being no applicant for the same ; nor did they make any written adjudication that he would sustain no damages by reason of the road. The act requires that the surveyors shall assess the damages of the land owners, and return said assessment certified by them in writing under their hands. If they allowed *no damages to the land owner*, they were equally bound, by the spirit of the act, to certify in writing their judgment or determination that he was entitled to none, so that he might have his appeal. The omission is fatal to the return. Let it be set aside.

OGDEN, J. The state of the case, agreed upon by both parties to this proceeding, shows that surveyors of the highways in the county of Monmouth met for the purpose of acting upon an application to the court, for the laying out of a highway in the township of Ocean. After they had determined to lay out the road, Mr. Troutman, an owner of land which would be

taken for the purposes of the road, but not an applicant on the petition, claimed from the surveyors an assessment of damages, under the provisions of the act of 1850 respecting roads. The surveyors deliberated upon his claim, and determined that the laying of the road was no damage to him, and that he was not entitled to an assessment, and announced their decision ; but they did not make any return thereof in writing to the court.

Under these circumstances, can the return of the road be sustained ? I think that it cannot, for two reasons :

*First.* The act contemplates that, in all cases not excepted therein, *some* assessment must be made to land owners. The amount is left to the judgment of the surveyors, but *an* amount, even if it be nominal, must be assessed. If this be not the true construction of the act, there would not, in cases of appeal given under the fifth section, be any assessment to review, nor any thing to be lessened or increased by the tribunal of appeal.

*Second.* The acts of assessment and adjudication must, *in all cases*, be *certified in writing* by the surveyors, under their hands, and be returned to the Court of Common Pleas, as evidences of the amounts assessed.

For both reasons, I am of opinion that the proceedings are defective, and that the return should be set aside.